**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Rafael Solano,<br>Plaintiff,<br>v.<br>Metropolitan Police Department; et al.,<br>Defendants. | Case No. 2:26-cv-01378-APG-DJA<br><br>**Order** |

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 1). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis.* However, because the Court finds that Plaintiff's complaint does not properly assert sufficient facts, it dismisses the complaint with leave to amend.

**I. *In forma pauperis* application.**

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II. Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III. Screening the complaint.**

Plaintiff sues the Metropolitan Police Department ("Metro") and the Criminal Apprehension Team of the Metropolitan Police Department for using excessive force in apprehending him on February 27, 2026, and in denying him medical care for injuries sustained in the apprehension. Plaintiff alleges that on February 27th, Metro dispatched its Criminal Apprehension Team to apprehend Plaintiff. Plaintiff alleges that three officers grabbed Plaintiff, with one taking his right arm, one his left, and the other grabbing him by the neck. At the same time, the three officers slammed Plaintiff onto his back. Plaintiff alleges that the officers used this force instead of the routine procedure which is to have the suspect drop to their knees, cross their ankles, and drop to their stomach with their hands above their head. Plaintiff expressed that he was in pain and needed medical attention. Detectives and officers stated that they would get him looked at with paramedics on standby during the entire seven hours that Plaintiff was kept on the scene. But Plaintiff states that they never had him medically attended, even after he was transported to Clark County Detention Center.

Plaintiff seeks $5.5 million in damages. He brings one claim for excessive force under the Eighth Amendment and one for right to medical treatment under the Ninth Amendment. The Court liberally construes his claims as: (1) a claim for excessive force arising under the Fourth Amendment; and (2) a claim for excessive force for failure to attend to his medical needs arising under the Fourth Amendment.

***A. Excessive force.***

The Court construes Plaintiff's first count as an excessive force claim arising under the Fourth Amendment. Because Plaintiff's allegations appear to be based on events surrounding his arrest, rather than following conviction and sentencing, his first claim does not arise under the

Eighth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the court of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard…"). The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523, 528 (1967). Allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which protects the right against unreasonable seizures of a person. *Graham*, 490 U.S. at 394-95.

The Supreme Court has explained:

> As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation ... An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (internal citations omitted).

Here, Plaintiff has not alleged sufficient facts to establish a Fourth Amendment excessive force claim. Other than stating that officers did not follow routine procedure, Plaintiff does not allege why the force that the officers used was excessive given the underlying facts and circumstances. So, the Court cannot determine whether the officers' use of force was excessive such that it violated the Fourth Amendment.

But even if Plaintiff did allege sufficient facts against the individual officers, his claim would fail because he does not explain how Metro itself caused the violation. Plaintiff's Fourth Amendment claim arises under 42 U.S.C. § 1983, which statute imposes liability on any person who, acting under color of state law, deprives another of a federally protected right. § 1983, however, arises only upon a showing of personal participation by the defendant. *Taylor v. List*,

880 F.2d 1040, 1045 (9th Cir. 1989). This means that a municipality cannot be vicariously liable for its employees' actions. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). Instead, a municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61. Municipalities can only be liable for the infringement of constitutional rights under certain circumstances. *Monell*, 436 U.S. at 690-95. "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019).

Here, Plaintiff's Fourth Amendment claim fails because he alleges it against Metro and its Criminal Apprehension Team generally but does not allege that Metro or its Criminal Apprehension Team created a policy or custom that resulted in officers using excessive force; failed to train, supervise, or discipline the officers responsible; or made the final decision to use excessive force. So, Plaintiff has not alleged a colorable Fourth Amendment claim and the Court dismisses it without prejudice and with leave to amend.

***B. Denial of medical care.***

The Court construes Plaintiff's third count as arising under the Fourth Amendment. The Fourth Amendment requires law enforcement officers to provide objectively reasonable post-arrest care. *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006). This means that "police officers must seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *D'Braunstein v.*

*California Highway Patrol*, 131 F.4th 764, 769 (9th Cir. 2025) (internal quotations and citations omitted). This does not "require an officer to provide what hindsight reveals to be the most effective medical care for an arrested suspect." *Id.* (internal citations and quotations omitted).

Here, Plaintiff's medical claim fails for the same reason as his excessive force claim. Plaintiff has not alleged that Metro or its Criminal Apprehension Team created a policy or custom that resulted in officers denying him medical care; failed to train, supervise, or discipline the officers responsible; or made the final decision to deprive him medical care. So, Plaintiff has not alleged a colorable Fourth Amendment claim and the Court dismisses it without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.** Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, the Clark County Detention Center will forward payments from the account of **Rafael Solano, Inmate No. 2843011** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the CCDC Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk is kindly directed to send a copy of this order to the Finance Division of the Clerk's Office. The Clerk is further kindly directed to send a copy of this order to the **CCDC Accounting Supervisor, 330 S. Casino Center Blvd., Las Vegas, NV 89101.**

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER ORDERED** that the Clerk is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 14, 2026,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** a copy of this order to Plaintiff.

DATED: November 13, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE